SO ORDERED.

Dated: June 29, 2020

Eddward P. Ballinger Jr., Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Eddward P. Ballinger, Jr. |
| Case Name: | Clinton Jacob Kauer and Alicia Marie Kauer - Chapter 7 |
| Case Number: | 2:20-bk-01106-EPB |
| Subject of Matter: | Objection to Exemptions |
| Date Matter Taken Under Advisement: | May 12, 2020 |
| Date Matter Ruled Upon: | June 29, 2020 |

The issue before the Court is whether Debtors may elect the federal exemptions of 11 U.S.C. § 522(d) or whether they are limited solely to exemptions permitted under Idaho law.

Debtors have claimed the following exemptions:

- Homestead exemption in their Arizona residence - $4,200 per 522(d)(1);
- Automobile exemption - $8,000 per 522(d)(2);
- Household goods - $1,250 per 522(d)(3);
- Small consumer electronics - $1,400 per 522(d)(3);
- Computers - $2,000 per 522(d)(3);
- Bicycles - $600 per 522(d)(5);
- Clothing - $1,000 per 522(d)(3);
- Wedding rings - $3,400 per 522(d)(4);

1

- Dog - $700 per 522(d)(3);
- Cash in checking account - $1,386.73 per 522(d)(5);
- Cash in savings account - $149.53 per 522(d)(5);
- Interest in an LLC - $7,663.74 per 522(d)(5);
- Federal and State tax refunds - $11,500 per 522(d)(5); and
- Uncashed check - $6,500 per 522(d)(5)

The Trustee primarily objects to Debtors' claim for $11,500 in tax refunds and $8,036.26 in cash.

The parties agree that 11 U.S.C. § 522(b)(3)(A) requires application of Idaho exemption law because Debtors were not domiciled in Arizona for the 730 days preceding the filing of bankruptcy and resided in Idaho during the 180-day period preceding the 730-day test period:

> (3) Property listed in this paragraph is—
>
> (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;
>
> \*            \*            \*
>
> If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).[1]

Debtors contend that the last sentence of this statute authorizes them to claim the federal exemptions listed in 11 U.S.C. § 522(d) because Idaho's exemptions are available only to Idaho residents pursuant to Idaho Code ("I.C.") § 11-602(1):

> Residents of this state are entitled to the exemptions provided by this act. Nonresidents are entitled to the exemptions provided by the law of the jurisdiction of their residence.

---

[1] This last paragraph of § 522(b)(3)(A) is referred to hereinafter as the "hanging paragraph."

The Trustee disagrees, stating that the residential limitation in I.C. § 11-602(1) applies only to those exemptions found in "this act," meaning those exemptions specifically set forth in Title 11. According to the Trustee, Idaho has a "plethora" of other exemptions available outside of those found in Title 11. In addition, I.C. § 11-609 expressly prohibits use of the federal exemptions:

> In any federal bankruptcy proceeding, an individual debtor may exempt from property of the estate only such property as is specified under the laws of this state.

The word "act" in I.C. § 11-602(1) is not defined and no court has interpreted the term. The Court agrees with the Trustee that a plain reading of that statute suggests it is limited to Title 11 exemptions only, but the Court does not agree that there is a "plethora" of other exemptions to which Debtors are eligible.

Most Idaho exemptions are set forth in Title 11, Chapter 6:

- I.C. § 11-603 - burial plot; health aids; social security and veteran's benefits; public assistance benefits; medical, surgical or hospital benefits; and state unemployment compensation;

- I.C. § 11-604 - disability or illness benefits; alimony, support or separate maintenance; and insurance proceeds, judgment or settlement from bodily injury to the extent reasonably necessary for support;

- I.C. § 11-604(A) - pension, annuity or retirement allowance, disability allowance or death benefit under employee benefit plans or arrangement;

- I.C. § 11-605 - personal property such as household furnishings, appliances, wearing apparel, animals, books, instruments, family portraits, heirlooms, jewelry, tools of trade, firearms, life insurance and disposable income subject to value limitations; and

- I.C. § 11-207 - restrictions on garnishment of wages.

The majority of the exemptions Debtors claim in Schedule C would fall within those listed above and would be available to them, in some amount, if they were Idaho residents. A review of the Idaho exemptions the Trustee identifies as available to Debtors does not appear to contain

3

exemptions Debtors are in fact eligible to claim in this bankruptcy case. Furthermore, most of these other exemptions are in fact also exemptions under Title 11 as disability benefits, public assistance, wages, insurance, retirement benefits, and the like. Specifically, I.C. § 55-1011 (ERISA qualified pensions and retirement benefits), I.C. § 41-1836 (annuity proceeds), I.C. § 50-1517 (police officer retirement benefits), I.C. § 59-1317 (public employee retirement benefits), and I.C. § 72-1422 (firefighter retirement benefits) are provided for within the more generalized exemption in I.C. § 11-604(A) as retirement benefits under any employee benefit plan. I.C. § 56-223 (public assistance) is provided for in I.C. § 11-603(4) as "federal, state or local public assistance legislation." I.C. § 63-3022K (medical savings accounts) expressly falls within I.C. § 603(5) as "the amount in a medical savings account." I.C. § 41-1834 (disability insurance), I.C. § 41-1833 (life insurance), I.C. § 41-1835 (group life and group disability insurance), and I.C. § 41-1930 (life insurance policy settlements) are subsumed in I.C. § 11-604 and § 11-604(A) as "proceeds of insurance." I.C. § 72-802 (workers' compensation) also falls within the limits of I.C. § 11-207 and § 11-603. *See State, Dept. of Health & Welfare ex rel. Lisby v. Lisby*, 890 P.2d 727 (Idaho 1995)(noting different portions of workers' compensation may qualify as medical benefits or wages subject to Idaho's exemptions in I.C. § 11-603 and § 11-207). As such, these exemptions are subject to the residency requirement of I.C. § 11-602(1).

Only a smattering of Idaho's exemptions appear wholly independent of the provisions of Title 11: I.C. §§ 55-1001 to 1011 (homestead related exemptions); I.C. § 23-514 (liquor permit); I.C. § 45-514 (building materials); I.C. § 41-3218 (benefit, charity or aid paid by fraternal benefit societies); and I.C. § 72-1020 (crime victim compensation). Of these, the most important exemption for the vast majority of debtors is the homestead exemption. But, Idaho law is clear that the state's homestead exemption does not apply extraterritorially and, therefore, Debtors are

4

barred from asserting an exemption under Idaho law for their Arizona residence. *See In re Stephens*, 2011 WL 1790777 (Bankr. D. Idaho)(citing *In re Capps,* 438 B.R. 668 (Bankr. D. Idaho 2010); *In re Harris*, 2010 WL 2595294 (Bankr. D. Idaho 2010); *In re Halpin,* 94 IBCR 197 (Bankr. D. Idaho 1994)).

That leaves only four, extremely narrow exemptions available to non-residents: liquor permits; building materials; benefit, charity or aid paid by a fraternal society; and crime victim compensation. Debtors have not claimed any of these exemptions, and nothing in the record suggests Debtors are eligible for these entitlements. The Trustee believes it is enough per the word "any" in the hanging paragraph of § 522(b)(3)(A) that these exemptions simply be available for hypothetical non-resident debtors, even if these Debtors in particular are not eligible for them. The Court disagrees.

Even those courts that interpret the word "any" in § 522(b)(3)(A) literally recognize that the debtor must be eligible for *and receive* the exemption. For example, in *In re Wilson,* 2015 WL 1850919 at * 4 (Bankr. D. Idaho), the court concluded that "[s]o long as debtors can receive some exemptions under the applicable state law, there is no reason for recourse to 522(d)." In that case, the court concluded debtors were eligible for various exemptions to which the trustee never timely objected. *See also In re Katseanes*, 2007 WL 2962637 (Bankr. D. Idaho)(stating "the Utah exemption statutes are applicable in Debtors' case, even if they do not benefit from all of the various exemptions provided under that State's laws."). Similarly, in *In re Rodenbough*, 579 B.R. 545 (Bankr. D. Idaho 2018), the court concluded that debtors were entitled to claim certain "absolute" exemptions under North Dakota law and therefore could not invoke the federal exemptions in § 522(d) pursuant to the hanging paragraph of § 522(b)(3). *See also In re Capps,* 438 B.R. 668 (Bankr. D. Idaho 2010)("Therefore, even if a debtor cannot take advantage

5

of any state's homestead exemption, as long as the debtor may take advantage of some state exemptions, the hanging paragraph does not allow the debtor to use the § 522(d) exemptions."); *In re Harris*, 2010 WL 2595294 (Bankr. D. Idaho)(same). The Trustee has not pointed to a single exemption under Idaho law that Debtors could claim here. To hold as the Trustee urges would result in a *de facto* denial of all exemptions to these Debtors.

Further, this case presents none of the concerns Congress sought to address in enacting the hanging paragraph of § 522(b)(3)(A):

> Because we are a mobile society, Congress enacted a statute which would determine which exemption law would apply to debtors whose domicile has changed near the time of the filing of the petition. The main purpose of this legislation was to prevent opportunistic bankruptcy filings by debtors simply to take advantage of lenient state exemption laws. W.H. Brown, L. Ahern & N. Frass MacLean, *Bankr. Exempt. Manual* § 4.6 (2011 Thomson Reuters/Westlaw).
>
> This case, however, does not involve forum shopping by Debtors or the so-called "mansion loophole," "by which wealthy individuals could shield millions of dollars from creditors by filing bankruptcy after converting nonexempt assets into expensive and exempt homesteads in one of the handful of states that have unlimited homestead exemptions...." *In re Greene,* 583 F.3d 614, 619 (9th Cir.2009) (citation omitted). Debtors are simply among the growing number of peripatetic debtors who moved to another state and then found themselves subject to the expanded domiciliary rules. *See generally,* L. Bartell, "The Peripatetic Debtor: Choice of Law and Choice of Exemptions," 22 Emory Bankr.Dev. J. 401 (Spring 2006).

*In re Rody*, 468 B.R. 384, 387 (Bankr. D. Ariz. 2012). The Trustee's position is also counter to the well-established principle that exemption statutes are to be liberally construed in favor of debtors. *See In re Lee*, 889 F.3d 639 (9th Cir. 2018); *In re Leach,* 595 B.R. 841 (Bankr. D. Idaho 2018); *In re Buchberger*, 311 B.R. 794 (Bankr. D. Ariz. 2004).

For these reasons, the Court overrules the Trustee's objection to Debtors' claim to the federal exemptions of 11 U.S.C. § 522(d). Counsel for Debtors shall lodge a form of order for the Court's signature.